**In the Matter of the Complaint of VOYAGER, INC.,
as Registered Owner of the Fishing Vessel Voyager,
her Engines, Tackle, Apparel, etc., in a Cause
of Exoneration from or Limitation of Liability**

**BYRON BLOCKER, Intervenor**

High Court of American Samoa
Appellate Division

AP No. 28-92

July 12, 1993

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Complainant, William H. Reardon
For Intervenor, Roy J.D. Hall, Jr.

Order Granting Special Appearance, Setting Briefing Schedule and Hearing, and Deferring Extraordinary Relief:

On June 23, 1993, intervenor Byron Blocker ("Blocker") moved to specially appear for the purpose of raising jurisdictional and venue issues with respect to the limitation of liability proceedings initiated by complainant Voyager, Inc. ("Voyager") through this action. At the hearing on Blocker's motion on July 6, 1993, Voyager raised no opposition to Blocker's special appearance, and the motion was granted by bench order. This order confirms the bench order. However, since two distinct legal processes are ongoing in this appeal, the setting of a

briefing schedule and hearing was taken under advisement to consider the most appropriate scheduling.

The first process is the direct appeal of the Trial Division's decision in 23 A.S.R.2d 47 (Trial Div. 1992), denying Voyager's ex parte motion for issuance of a notice to claimants and dismissing the action. The ex parte motion was denied on November 16, 1992. Voyager's motion for reconsideration or new trial was filed on November 25, 1992, and on December 14, 1992, this motion was denied and the action was dismissed, nunc pro tunc, as of November 16, 1992. Voyager appealed this decision on December 24, 1992, and filed an appellant's brief on February 24, 1993.

Meanwhile, on January 28, 1993, Voyager petitioned this court to mandate the Trial Division to issue the notice to claimants. On February 4, 1993, this petition was denied on the grounds that the petition did not set forth any basis upon which this court could conclude that the remedy by appeal was inadequate, an essential prerequisite for extraordinary relief by mandamus.

On June 21, 1993, Voyager again petitioned this court for the same extraordinary relief. In essence, it was alleged in the petition that the remedy by appeal was no longer adequate because trial of the action by Blocker and his wife ("the Blockers") against Voyager had already commenced in the Superior Court of California, County of San Diego. The complaint and plaintiffs' statement of damages filed in the California state action seek approximately $17.5 million in damages. The letter of undertaking filed in this present limitation of liability action stipulates to a marine surveyor's valuation of the Fishing Vessel Voyager at $3.0 million.[1]

On July 6, 1993, both counsel advised the court that the state-court trial was concluded. Blocker's counsel indicated that the Blockers were awarded $2.3 million in damages. Voyager's counsel thought that the award might be $3.2 million. In either event, it is probable that

---

[1] The surveyor's affidavit and undertaking are not clear as to whether or not this sum includes the value of freight on board at the end of the voyage at issue. Note is also taken of the undertaking's stipulation of interest on the limitation fund at the rate of 4% per annum. T.C.R.C.P. Supplemental Rule F(1) requires an interest rate of 6% per annum.

either the Blockers or Voyager, or both, will appeal the result. Under these circumstances, the adequacy of the remedy by appeal is still viable. Should the situation materially change, Voyager can renew its effort to obtain an alternative writ setting a hearing on the order to show cause.

Resolution of substantive issues in this court, other than in connection with any preliminary or supplementary matter, requires a quorum of two justices and one associate judge. A.S.C.A. §§ 3.0209, 3.0220. At the present time, only a single justice will be available in this action until either the next appellate session is held (tentatively scheduled for the first full week in October 1993), or the present District Court judge is appointed as an acting associate justice by the Secretary of the Interior. While a single justice has authority to issue an alternative writ and set a hearing on the order to show cause, Blocker clearly intends to raise substantive issues, whether the hearing is scheduled in the context of the petition for extraordinary relief or the appeal. The practical direction, under the present circumstances, is to establish a briefing schedule consistent with the anticipated appellate session in October 1993 and, in due course, set oral arguments during that session.

Therefore, Blocker is directed to file an appellee's brief no later than 30 days after this order is issued, and Voyager is directed to file any reply brief no later than 14 days after Blocker's brief is submitted. Oral arguments, along with those in other pending appeals, will be scheduled in due course to take place during the next appellate session.

Any definitive decision on the present petition for extraordinary relief will be deferred until required or otherwise justified by the circumstances, vis-a-vis the pending appeal.

It is so ordered.